UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PAR LAND HOLDINGS, LLC.,<br><br>Plaintiff,<br>vs.<br><br>GROSSENBURG CATTLE COMPANY,<br><br>Defendant. | 4:24-CV-04143<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Pending before the Court is Plaintiff's motion to remand this case back to the Circuit Court for the Second Judicial Circuit, County of Minnehaha, South Dakota. (Doc. 5). Defendant has filed a response in opposition in conjunction with a motion to refer this matter to the United States Bankruptcy Court for the District of South Dakota (Doc. 9), and Plaintiff has replied. (Doc. 11). For the reasons set forth below, Plaintiff's motion to remand is granted. Defendant's motion to change venue is denied.

I.   BACKGROUND

The present case arose from a real estate sale in a subchapter V, Chapter 11 Bankruptcy proceeding in the United States Bankruptcy Court for the District of South Dakota entitled *In re: Duling Sons, Inc.*, Case No. 21-30026. (Doc. 1-1, PgID 7; Doc. 9, PgID 90). In September of 2023, the Bankruptcy Court approved the Trustee's motion to sell substantially all of debtor's assets and outlined the related sale procedures. (Doc. 1-1, PgID 8). The property to be sold consisted of roughly 6,000 acres of farmland and ranchland in Gregory County, South Dakota, a 5,000 square foot home, a 4,000 square foot heated shop with an office, and a corral site. (Doc. 9, PgID 91). It is worth mentioning that prior to the auction, it was unclear to potential bidders whether the property was being sold subject to one or more outstanding leasehold and possessory

1

interest. (*Id.*, at PgID 92). Nevertheless, the sale proceeded as scheduled with an initial bid deadline of September 27, 2023, followed by an auction scheduled for October 4, 2023. (Doc. 1-1, PgID 25). The real property was appraised in consultation with Hilco Real Estate, LLC and a reserve price was set at $12,102,000.00. (*Id.*, at PgID. 24). The winning bid and purchase agreement was subject to the Bankruptcy Court's approval. (*Id.*, at PgID 26).

Pursuant to the sale procedures, Plaintiff submitted its initial bid and participated in the auction, Defendant did not. (Doc. 1-1, PgID. 9). Plaintiff was selected as the successful bidder with the highest bid of $9,800,000.00 and subsequently entered into a real estate purchase agreement with the Trustee. (*Id.*, at PgID 9-10). Prior to the sale being approved by the Bankruptcy Court, Defendant submitted an offer to the Debtor's estate to purchase the property for $10,500,000.00, and on November 8, 2023, counsel for the Estate of Daniel Duling filed an affidavit with the Bankruptcy Court notifying it of the higher offer and requesting that the Court deny approval of the purchase agreement between Plaintiff and the Trustee. (Doc. 9, PgID. 92). In light of Defendant's offer and at the request of the Trustee, Plaintiff agreed to increase its offer to $10,500,000.00. (Doc. 1-1, PgID 11).

On January 18, 2024, pursuant to the sale procedures, the Trustee filed a sale motion, and the Bankruptcy Court held a sale hearing on February 7, 2024. (Doc. 9, PgID 92-93). At the hearing, the Bankruptcy Court denied approval of the purchase agreement between Plaintiff and Trustee and reopened the auction reasoning that the agreement was not in the best interest of the estate and would be potentially prejudicial to secured creditors whose interest exceeded the sale proceeds. (*Id.*, at PgID 94). The auction resumed on March 8, 2024, and neither Plaintiff nor Defendant was the successful bidder. (*Id.*, at PgID 95). The subsequently approved purchase price

was $11,425,000.00.  (*Id.*)  On July 9, 2024, the Bankruptcy Court issued an order converting the bankruptcy from Chapter 11 reorganization to Chapter 7 liquidation.  (Bankr. Doc. 703).

On July 2, 2024, Plaintiff commenced this action in the Circuit Court for the Second Judicial Circuit, Minnehaha County, South Dakota alleging tortious interference with a contract.  (Doc. 1, PgID 1; Doc. 1-1, PgID 13).  On July 31, 2024, Defendant filed a notice of removal with this Court pursuant to 28 U.S.C. §§ 1441, 1452, and 1334(b).  (Doc. 1, PgID 1).  On August 30, 2024, Plaintiff filed this motion for remand pursuant to 28 U.S.C. § 1447.

## II.  DISCUSSION

### 1.  "Related to" Subject Matter Jurisdiction

Federal courts are, by design, courts of limited jurisdiction, possessing only the jurisdictional authority granted by the United States Constitution and Congress.  *Spreitzer Properties, LLC v. Travelers Corp*, 599 F.Supp.3d 774, 778-9 (D. Iowa 2022); *see also Celotex Corp. v Edwards*, 514 U.S. 300, 307 (1995) (stating the jurisdiction of federal courts "is grounded in, and limited by, statute."); *Kokkonen v. Guardian Life Ins Co of Am*, 511 U.S. 375, 377, (1994) (stating that federal courts "possess only that power authorized by Constitution and statute…").  "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand."  *Tinmaster Inc., v. Stanley Bank*, 2018 WL 7324885, at *2 (D. Mo. 2018) (quoting *Griffioen v Cedar Rapids & Iowa City Ry Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted)).  Moreover, "a court without subject matter jurisdiction cannot transfer a case to another court."  *Integrated Health Servs Of Cliff Manor, Inc v. THCI Co, LLC*, 417 F.3d 953, 957 (8th Cir. 2005).

Tittle 28 U.S.C. § 1334(b), the relevant statute in the present case, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Bankruptcy proceedings are divided into two categories, core proceedings and non-core, related proceedings. *McDougal v AgCountry Farm Credit Servs. (In re McDougal)*, 587 B.R. 87, 90 (B.A.P. 8th Cir. 2018) (citing *Specialty Mills, Inc v Citizens State Bank*, 51 F.3d 770, 773 (8th Cir.1995)). Core proceedings are those which either "arise under" title 11 or "arise in" a case under title 11. *GAF Holdings, LLC v Rinaldi (In re Farmland Indus , Inc )*, 567 F.3d 1010, 1017 (8th Cir. 2009). "Claims 'arising under' Title 11 are 'those proceedings that involve a cause of action created or determined by a statutory provision of title 11' ... [and] 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 1018 (quoting *In re Wood*, 825 F.2d 90, 96 (5th Cir.1987). Non-core related proceedings "do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Specialty Mills, Inc.*, 51 F.3d at 774. The claim brought by Plaintiff in the present case does not "arise under" title 11, nor does it "arise in" a case under title 11, therefore, for subject matter jurisdiction to exist, it must be "related to" a bankruptcy, here the Duling Sons, Inc. bankruptcy.

Plaintiff argues that the outcome of the present action will have no effect on the Debtor or the administration of the bankruptcy estate, and thus is not "related to" the Duling Sons bankruptcy. Conversely, Defendant contends that the outcome of the current action could give rise to indemnity and contribution claims against the debtor, creditors, and equity holders. Consequently, Defendant argues the outcome of the instant action could affect the administration of the Duling Sons bankruptcy, and thus this Court has "related to" jurisdiction.

The Eighth Circuit has adopted the "conceivable effect" test to determine whether a proceeding is related to a bankruptcy:

> The test for determining whether a civil proceeding is related to a bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy .... An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedoms of actions ... and which in any way impacts upon the handling of the administration of the bankruptcy estate.

*In re McDougal*, 587 B.R. at 90-91. Unmistakably, the "conceivable effect" test is an "'extremely broad'" jurisdictional grant. *In re Farmland Indus.*, 567 F.3d at 1019 (quoting *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999); *see also In re Titan Energy, Inc.*, 837 F.2d 325, 330 (8th Cir. 1988) (stating that "even a proceeding which portends a mere contingent or tangential effect on a debtor's estate meets the broad jurisdictional [conceivable effect] test."). While the Supreme Court has also recognized such, it cautioned that "'related to' jurisdiction cannot be limitless." *Celotex*, 514 U.S. at 308. "[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the...parent bankruptcy does not exist." *Transamerica Fin Life Ins Co v Merrill Lynch & Co., Inc.*, 302 B.R. 620, 625 (N.D.Iowa 2003) (quoting *In re Haug*, 19 B.R. 223, 224–25 (Bankr.D.Or.1982)). Furthermore, the type and stage of the bankruptcy impacts the analysis. *See Celotex*, 514 U.S. at 310 (stating that federal jurisdiction extends more broadly in a Chapter 11 reorganization than it does in a liquidation under Chapter 7).

Defendant argues that "related to" jurisdiction exists here because it may have potential indemnification and contribution claims against the debtor, creditors, and equity holders who are "joint tortfeasors who played parts in upsetting the sale to Plaintiff." (Doc. 9 PgID 99). However, consistent with the court's reasoning in *Transamerica*, the Court finds that, although it is conceivable that Defendant may have indemnification or contribution claims sometime in the future, they have not yet accrued. *See* 302 B.R. at 626 ("[E]ven though indemnification and

5

contribution claims against Enron are conceivable in the future, they have not yet accrued and would require another lawsuit before they could have an impact on Enron's bankruptcy proceeding. The current action is only a precursor to the potential contribution claim."). Here, the debtor, creditors, and equity holders Defendant purports to have claims against are not parties to this case. The current action is at best a precursor to potential indemnification and contribution claims which would require another lawsuit before having an impact on the Duling Sons Bankruptcy. "Speculative, theoretical claims are not sufficient to show 'related to' bankruptcy jurisdiction." *Id.* at 626; *see also In re Federal-Mogul Global Inc.*, 300 F.3d 368, 380 (3rd Cir. 2002) ("'Related to' bankruptcy jurisdiction will not extend to a dispute between non-debtors unless that dispute, by itself, creates at least the logical possibility that the estate will be affected.").

Furthermore, unlike *In re Farmland Indus* , where the Eighth Circuit found "related-to jurisdiction" existed because the liquidating trustee was "advancing money out of the bankruptcy estate" to fund defendant's defense, there is no such obligation or agreement here that takes the indemnification claims out of the realm of theoretical speculation. *See* 567 F.3d at 1020-21 (citing to and distinguishing from *Transamerica* because the "indemnification claims in this case are not merely speculative in light of the payment of [defendants] Riemann's and Terry's legal fees out of the Farmland bankruptcy estate."). Finally, as the Court mentioned above, the Duling Sons bankruptcy has been converted to a Chapter 7 liquidation and is seemingly nearing its conclusion, in such circumstances a federal court's "related to" jurisdiction is not as broad. *See Celotex*, 514 U.S. at 310.

The instant action is between two parties who are strangers to the parent bankruptcy; Par Land Holdings, a disgruntled entity who seeks damages from another entity, Grossenburg Cattle Company, for the tort of interference with a contract. The only relation to the bankruptcy is that

the facts underlying the complaint are centered around the sale of assets from the Duling Sons bankruptcy estate. Assets which neither party ended up purchasing. Plaintiff does not seek to undo the sale, challenge any of the orders of the Bankruptcy Court, nor does it seek relief from the debtor, creditors or any other interested parties to the Duling Sons bankruptcy. Plaintiff is pursing redress from Defendant alone. The Court finds that the present action will have no effect on the property of the bankruptcy estate, the Debtor, or the administration of the Bankruptcy Case. Accordingly, even considering the breadth of the jurisdictional grant conveyed under 28 U.S.C. § 1334(b), the Court finds that the present matter is not "related to" the Duling Sons bankruptcy, and thus it lacks jurisdiction.

### 2. Mandatory Abstention

Defendant argues that because this case is related to the Dueling Sons Inc. bankruptcy, this matter should be referred to the bankruptcy court. 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District of South Dakota adopted such in this Court's standing order of July 26, 1984, directing that all such cases and proceedings be referred to the bankruptcy court. However, even if this Court assumes that "related to" jurisdiction exists, which it has already found it does not, and that this proceeding falls into the category described above directing referral to the bankruptcy court, Congress has "set forth circumstances in which abstention (and remand) is mandatory." *Sorge v. FCA US LLC*, 2019 WL 5685688 at *4 (D. Mo. 2019). Moreover, "a court without subject matter jurisdiction cannot transfer a case to another court." *Integrated Health*, 417 F.3d at 957.

28 U.S.C. § 1334(c)(2) provides that:

7

> Upon timely motion of a party in a proceeding based upon a State law claim or a State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

"[U]nder § 1334(c)(2)…neither this Court nor the…Bankruptcy Court has jurisdiction to try the State Court Action if the six factors set forth in § 1334(c)(2) are present." *Frelin v Oakwood Homes Corp.,* 292 B.R. 369, 380 (Bankr.E.D.Ark.2003); *Fitzgeralds Sugar Creek, Inc. v Kansas City Station Corp. (In re Fitzgeralds Gaming Corp ),* 261 B.R. 1, 8 (Bankr.W.D.Mo.2001). The six factors are as follows:

> (1) a timely motion is made; (2) the claim or cause of action is based upon state law; (3) the claim or cause of action is 'related to' a bankruptcy case, but did not 'arise in' or 'arise under' the bankruptcy case; (4) such action could not have been commenced in federal court absent § 1334 jurisdiction; (5) such action is commenced in state court; and (6) such action can be timely adjudicated in state court.

*Turner Grain Merchandising, Inc v LTD Farms Partnership and Hargrove Farms, Inc.,* 545 B.R. 261, 274 (Bankr.E.D.Ark.2016). In the instant case, all six elements are satisfied. To the Court's surprise, Plaintiff has not raised this issue in either of its briefs in support of its motion to remand, however, the Court does so sua sponte. *See In re Farmland Indus ,* 567 F.3d at 1020 ("'[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.'") (quoting *Dieser v. Cont'l Cas Co ,* 440 F.3d 920, 923 (8th Cir.2006)).

First, Plaintiff's motion to remand was timely, and there can be no dispute that the complaint solely alleges a state tort law cause of action, satisfying the first two factors. Third, the claim must be related to a bankruptcy case, but cannot "arise in" or "arise under" the bankruptcy case. As discussed above, the claim neither arises in nor does it arise under a bankruptcy case. The Court has also determined that this claim is not "related to" the bankruptcy, however, solely

8

for the purpose of analyzing mandatory abstention, the Court assumes, *arguendo*, that the present action is "related to" the Duling Sons Bankruptcy. The fourth factor requires that there be no independent basis for federal jurisdiction, absent § 1334(b). The parties here are not diverse and there is no federal question. Fifth, is that the action is commenced in state court. As evidenced by the notice of removal, this matter was commenced in the Circuit Court for the Second Judicial Circuit, Minnehaha County, South Dakota. There has been disagreement in the past whether mandatory abstention applies to a removed case, however, the majority of courts, including the Eighth Circuit, hold that it does. *See Transamerica*, 302 B.R. at 627-28; *Frelin* 292 B.R. at 380-81; *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 576 n. 5 (S.D.Miss.2001) (*citing In re Southmark Corp*, 163 F.3d 925, 929 (5th Cir.1999)); *In re Midgard Corp*, 204 B.R. 764, 774 (10th Cir. BAP 1997) (holding that abstention does apply to removed cases and listing cases that hold the same); *see also In re Fitzgeralds Gaming Corp.*, 261 B.R. at 8 ("The vast majority of courts, however, hold that mandatory abstention applies to cases that have been removed to federal court.") (citations omitted). Finally, the Court finds that upon remand, the state court is capable of timely adjudicating the claim. The only claim in the present matter is based on state law. The Court has no reason to doubt the ability of the South Dakota court system to apply South Dakota law and timely adjudicate this action. Accordingly, the Court finds that all six factors mandating abstention are present, therefore, even if this Court had "related to" jurisdiction, the Court is required to abstain and remand back to the state court from which it came.

### 3. Discretionary Abstention

Assuming, *arguendo*, that this Court has subject matter jurisdiction, and that the mandatory abstention factors are not met, this Court would still abstain from exercising jurisdiction over these

proceedings under the discretionary abstention provision of 28 U.S.C. § 1334 or, on similar grounds, equitably remand the proceeding under 28 U.S.C. § 1452(b).

> 28 U.S.C. § 1334(c)(1) provides:
>
> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Thus, Courts "have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law." *Transamerica*, 302 B.R. at 628; *see also In re Burrow*, 505 B.R. 838, 849 (Brankr.E.D.Ark.2013); *Frelin* 292 B.R. at 383. In addition to the factors articulated in § 1334(c)(1), the Bankruptcy Appellate Pannel of the Eighth Circuit listed several other factors for courts to consider:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficult or unsettled nature of the applicable law,
>
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
>
> (7) the substance rather than the form of an asserted 'core' proceeding,
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
>
> (9) the burden [on] the bankruptcy court's docket,
>
> (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,
>
> (11) the existence of a right to a jury trial, and
>
> (12) the presence in the proceeding of nondebtor parties.

*Williams v Citifinancial Mortgage Co*, 256 B.R. 885, 894 (8th Cir. BAP 2001).

Likewise, the Court has the authority to equitably remand these proceedings under 28 U.S.C. § 1452(b) which provides, in part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The Court should consider the following factors when analyzing equitable remand under § 1452(b):

(1) whether remand serves principles of judicial economy;
(2) whether there is prejudice to unremoved parties;
(3) whether the remand lessens the possibilities of inconsistent results; and
(4) whether the court where the action originated has greater expertise.

*Frelin* 292 B.R. at 384 (citing *Arkansas Department of Human Services Division of Medical Services v Black & White Cab Company, Inc*, 202 B.R. 977 (Bankr.E.D.Ark.1996)). These two doctrines are similar and "[t]he analysis used to determine whether equitable remand is just under § 1452(b) is virtually identical to that used to determine whether discretionary abstention is merited under § 1334(c)(1)." *Id.* at 383.

The Court finds that a majority of the factors weigh in favor of discretionary abstention or equitable remand. As mentioned above, state law issues predominate. The only claim for relief is based on South Dakota state law which is better addressed by a South Dakota state court, the undisputed expert in that area. Additionally, both parties are non-debtor parties, there is no federal jurisdictional basis other than § 1334, this matter is remote from the main bankruptcy case, there is a right to a jury trial, and remand will not impact the administration of the bankruptcy estate. Accordingly, the Court finds that all these reasons, questions of comity, deference to the state court's knowledge of state law, dominance of state law issues and non-debtor parties, and the expertise of the court in which the action originated, favor abstention and remand.

Therefore, IT IS ORDERED that:

1. Plaintiff's Motion for Remand (Doc. 5) is granted, and the Court remands this action to the Circuit Court for the Second Judicial Circuit, Minnehaha County, South Dakota.

2. Defendant's Motion to Refer this Matter to the Bankruptcy Court (Doc. 9) is denied.

Dated this 30th day of December, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge